

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TINA L. JONES,
    Plaintiff
    Pro-se

J. J.
    Plaintiff
    Pro-se
Her Son, a minor, twelve (12) years of age.

v.

JANSEEN PHARMACEUTICA, et.al.
    Respondent

MYLAN LABORATORIES, et.al.
    Respondent

JURY TRIAL DEMANDED

No: 05-_611



## CIVIL ACTION AT LAW

A N D  N O W, appearing before the honorable Court is *Tina L. Jones,* an adult and her Son, J. J. , a minor, being twelve years of age, be they now be known and referred to as the Plaintiff's in this Civil Action at law and currently are at bench in pro-se.

Plaintiffs aver the below and on-going factual information to support this matter now before the Honorable Court for redresses and damages.

## JURISDICTION

Instantly the Court enjoys jurisdiction pursuant to **28 U.S.C. 1332(a)** that states that : *[t]he district courts shall have original jurisdiction of all civil actions where the*

*matter in controversy exceeds the sum of value of $50.000. exclusive of interest and costs and is between-*

**(1)** *Citizens of different states;*

**(2)** *Citizens of a state and citizens or subjects of a foreign state.*

Plaintiffs reside in the State of Delaware, United States of America, while Respondent *Janssen Pharmaceutica* retains corporate headquarters in the Nederlands, although licensed to conduct business in the United States of America by approval of the Federal Drug Administration, United States of America.

Respondent *Mylan Laboratories Inc.* retains Offices within the Commonwealth of Pennsylvania and is a member of the *American Stock Transfer and Trust Company* in New York City.

## PARTIES TO THIS ACTION

(1) TINA L. JONES, at all times mentioned is a Plaintiff in this matter of *Tina L. Jones v. Janseen Pharmaceutica, et.al.*, a single Mother of Plaintifff J. J.     , a minor. Plaintiff Jones will show at a jury trial that she has suffered and continues to suffer irreversible harm by the use of Duragesic *Patches*, which were developed and dispensed by the named Respondents without concern to the users Long-term irreversible effects.

(2)   J. J.     , at all times mentioned in this Civil Action at law is the minor Son of Plaintiff Tina L. Jones. It will be shown at a Jury trial that the minor Plaintiff, due to the acts of non-acts of the named Respondents has suffered the loss of his Mothers' comforts, affections, companionship, and afore demonstrated love.

(3) **JANSEEN PHARMACEUTICA,** at all times mentioned in this Civil Action at Law is a Respondent/Defendant. It will be shown at Trial that *Janseen Pharmaceutica,* developed the complained of Durogesic patch in their research center and in fact hold a Trademark on the complained of Durogesic patch. It will be shown at trial that the users of the Durogesic patch were not advised that the Patch is one hundred times more potent than heroin, causes addiction, and a multitude of other physical and mental side effects, which removes the quality of life from the user(s).

(4) **MYLAN LABORATORIES INC.**, at all times mentioned in this Civil Action at Law is a named respondent and dispenses the Durogesic patch as a generic potent narcotic medication.

## *THE FENTANYL DUROGESIC PATCH*

The drug was first synthesized in Belgium in the late 1950's, fentanyl, with an analgesic potency one-hundred (100) times that of morphine, was introduced into medical practice in the 1960's as an anesthetic by the trade name of Sublimaze.

On July 15, 2005, the Federal Drug Administration (FDA) issued a Public Health Advisory on transdermal fentanyl patches in response to reports of deaths in patients using this potent narcotic medication for pain management-including both the brand name drug Duragesic and the generic product manufactured by Mylan Laboratories.

## *THE COMPLAINT*

1. For many years Plaintiff Tina L. Jones has suffered extreme pain from the conditions of (a) Osteodegenerative arthritis; (b) Rheumatoid arthritis; (c) Degenerative

Disc Disease; (d) Siatic Nerve damage; a n d (e) Fybromyalgia.

2. After treating for over twenty-one (21) years with the most common available drug medications Plaintiff Jones did, in September 2004 visit Dr. Jeffery Meyers, a Delaware Pain Management physician with offices in Wilmington, Delaware.

3. Dr. Meyers prescribed the complained of Duragesic Patch to control Plaintiff's Long-term pain management.

4. In concert to this medication Plaintiff Jones retained three (3) pre-prescribed medications; Soma, Percocet, and Lexapro.

5. From the on-set of the complained of medication Plaintiff began experiencing bouts of Constipation, then, in direct contravention, loose bowels.

6. Plaintiff then became disoriented, had mixed thoughts, and could not form an approachable process to adhere even to minimal everyday endeavors such as cooking, cleaning, personal hygiene, caring for her son, completing her duties at work as prescribed.

7. Plaintiff began stuttering and could not convey her thoughts or inquiries by word of mouth.

8. Plaintiff deteriorated to a state where she could not cook breakfast. lunch or dinner for her minor son, J.J. nor could she attend his organized sporting events, or any school functions as she had always done prior to the use of the Duragesic Patch.

9. Plaintiff lost relationships with long time friends who thought her either mentally ill, or an abuser of narcotics.

10. Plaintiff who is gainfully employed in the field of Property management was forced to only work three (3) days a week, and in fact had to borrow from her 401K

in order to place food upon her table for she and her son and to retain the family home.

11. Other symptoms suffered by the Plaintiff since the introduction of the Duragesic patch to her body are; interruption of her menstrual cycle; sweating; abdominal pain; nervousness; shortness of breath; depersonalization; irregular heartbeat; bloating, and but not limited to a distinct fear of death, loss of bladder control and blurred vision.

12. J.J. , the minor Son of Plaintiff Tina Jones has effectively lost a Mother, he now must feign for himself in many of the functions his mother provided prior to the introduction of the Duragesic Patch into her body; he must (1) clean the family home;

(3) Prepare meals; (3) wash and dry his clothing as well as his Mothers; (4) is devoid of a parent at organized sporting events both at school and the community;

(4) has lost the warmth and affection of a once caring Mother who, due to the effects of the Duragesic Patch is unable to emit her care and feelings.

### RELIEF REQUESTED

**BY TINA L. JONES:** Tina L. Jones seeks (a) Five million dollars ($5,000.000.00) in compensatory damages; (b) Ten Million ($10.000.000.00 dollars in punitive damages © reasonable attorney fees; (d) Physical and mental health maintenance for the duration of her life; and whatever other relief deemed by the Jury and the Court.

**BY J.J.** : J.J. seeks (a) Three Million dollars ($3,000.000.00) in compensatory damages; (b) Seven Million ($7,000.000.00) in Punitive damages; (c) reasonable attorney fees; (d) Mental health concerns to be compensated by the named Respondent/defendants for the duration of his life; and whatever other relief deemed by the Jury and/or the Court.

## UNSWORN VERIFICATION

I, Tina L. Jones, Plaintiff, and  J.J. , her minor Son do state and affirm that all of the information contained in the foregoing Civil Action at law is true and correct to the best of my knowledge, information and belief.

We make these statements subject to the penalties as provided by perjury.

Tina L. Jones
_____
Plaintiff, pro-se

DATED 8-9-05

J.J.
s/
_____
Plaintiff, pro-se

DATED 8-9-05