IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TINA L. JONES, and J.J. (Her Son, a minor, twelve (12) years of age),  ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANSEEN PHARMACEUTICA, and ) <br> MYLAN LABORATORIES, ) <br> ) <br> Defendants. ) | Civil Action No. 05-611 (GMS) |

## MOTION TO DISMISS OF DEFENDANT MYLAN LABORATORIES INC.

Defendant, Mylan Laboratories Inc. ("Mylan"), by and through its counsel, files this Motion to Dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mylan submits that the plaintiffs' Complaint fails to state a claim again Mylan upon which relief can be granted because: (1) plaintiffs have failed to allege that Mylan caused any of their claimed injuries or damages and have failed to establish a "nexus" between any Mylan product and her alleged injuries; (2) plaintiffs' Complaint fails to set forth a viable cause of action; (3) no basis exists under law to award punitive damages; and (4) Delaware does not recognize a cause of action for loss of parental consortium. Accordingly, Mylan seeks the entry of an Order dismissing plaintiffs' claims against Mylan, with prejudice.

In support of its Motion to Dismiss, Mylan submits the following:

1. On August 18, 2005, plaintiffs, Tina L. Jones and her minor son, instituted a civil action against Mylan and Janseen (sic) Pharmaceutica ("Janssen"). (A true and correct copy of the Complaint filed by plaintiffs is attached hereto as Exhibit "A").

2. In their Complaint, plaintiffs allege that in September 2004 Dr. Jeffery Meyers, a Delaware pain management physician with offices in Wilmington, Delaware, prescribed the

Duragesic® patch to control Tina Jones' long-term pain; that Tina Jones took three (3) other types of medication in concert with the Duragesic® patch (Soma, Percocet and Lexapro); and that, after she began using the Duragesic® patch, Tina Jones began experiencing side effects, which affected her health, relationships, employment and her ability to perform certain functions. (*See* Complaint, ¶¶ 1-11).

3. In their Complaint, plaintiffs contend that Janssen developed the Duragesic® patch and holds a trademark on the Duragesic® patch. (Complaint, "Parties to this Action," ¶ 3).

4. In their Complaint, plaintiffs allege that Mylan dispenses the Duragesic® patch "as a generic potent narcotic medication." (Complaint, "Parties to this Action," ¶ 4).

5. However, plaintiffs do not allege that Mylan dispensed a generic version of the Duragesic® patch to Tina Jones. Nor do plaintiffs allege that Tina Jones used a generic version of the Duragesic® patch or that any of the plaintiffs' claimed injuries or damages were caused by the use of a generic version of the Duragesic® patch.

6. Absent allegations in the Complaint to establish a "nexus" between the use of Mylan's product and plaintiffs' alleged injuries, this claim fails as a matter of law.

7. Moreover, even if these missing allegations were supplied, and it was assumed that Ms. Jones used a Mylan product, plaintiffs' Complaint fails to allege that any action or inaction by Mylan caused injury or damage to the plaintiffs. Plaintiffs simply assert that Tina Jones used the Duragesic® patch (which Mylan did not design, manufacture or distribute) and thereafter experienced side effects.

8. Plainly and simply put, no cause of action has been pled, and a Complaint which alleges nothing more than an injury fails to state a claim as a matter of law.

9. Finally, if the Court is not inclined to dismiss the Complaint in its entirely, Mylan requests that the punitive damage claims and loss of parental consortium claims be dismissed for the reasons set forth in the defendant's Brief in Support of Mylan's Motion to Dismiss.

10. For the reasons stated herein and within the attached Brief in Support of Mylan's Motion to Dismiss the Complaint, Mylan requests the entry of an Order dismissing the plaintiffs' Complaint against Mylan, with prejudice.

WHEREFORE, defendant, Mylan Laboratories Inc., respectfully requests the entry of an Order granting its Motion to Dismiss.

Respectfully submitted,

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: _____
Lynne M. Parker, #2811
1201 N. Orange Street, Suite 730
Wilmington, Delaware 19801
(302) 884-6700
Attorneys for Defendant Mylan
Laboratories, Inc.

Of Counsel:

PIETRAGALLO BOSICK & GORDON LLP

Clem C. Trischler, Esq.
Mary Margaret Hill, Esq.
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-2000

Dated: October 3, 2005